UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

THURMAN BROWN,

                                Plaintiff,

                                                                         9:07-CV-1261

v.                                                                  (TJM)(RFT)

SUSAN A. CONNELL,

                                Defendant.

APPEARANCES:

THURMAN BROWN
98-A-2656
Plaintiff, *pro se*

THOMAS J. MCAVOY, Senior U.S. District Judge

**DECISION and ORDER**

      The Clerk has sent to the Court a civil rights complaint, together with an application to proceed *in forma pauperis*, submitted for filing by plaintiff Thurman Brown, who is currently incarcerated at Oneida Correctional Facility. Dkt. Nos. 1, 2. Plaintiff has also filed a motion for injunctive relief. Dkt. No. 3. For the reasons stated below, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**I.    Background**

      In his *pro se* complaint, plaintiff alleges that he is being illegally detained at Oneida Correctional Facility because criminal charges against him were terminated. Dkt. No. 1. Plaintiff seeks earlier release from incarceration and monetary damages. *Id*. at 6.

**II.   Discussion**

      Turning to plaintiff's *in forma pauperis* application, the Court finds that plaintiff may properly commence this action *in forma pauperis* because plaintiff sets forth sufficient economic

need.  Dkt. No. 2.

The Court must now consider whether the case should be dismissed pursuant to 28 U.S.C. § 1915(e).  Section 1915(e)(2) directs that when a plaintiff seeks to proceed *in forma pauperis*, the Court:

> (2) [S]hall dismiss the case at any time if the court determines that -
> ***
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  Thus, even if a plaintiff meets the financial criteria to **commence** an action *in forma pauperis*, it is the Court's responsibility to determine that a complaint may properly be maintained in the District before it may permit the plaintiff to **proceed** with his or her action *in forma pauperis*.  *Id.*

Plaintiff brought this action under 42 U.S.C. § 1983 ("Section 1983").  Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (Section 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.").

A.   **Earlier release from incarceration**

To the extent that plaintiff seeks to alter the fact or duration of his custody, he is advised that such  relief may only be obtained by way of a habeas corpus petition brought pursuant to 28 U.S.C. § 2254.  *See id.; Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("[c]ongress has determined that

habeas corpus is the appropriate remedy for state prisoners attacking the validity" of their underlying criminal conviction); *see also Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) ("habeas corpus -- not a § 1983 action -- provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment ....") (citing *Preiser*).

### B.     Monetary damages

In as much as plaintiff is seeking money damages against the defendant for plaintiff's alleged wrongful imprisonment, such allegations are not cognizable under Section 1983. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 action seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Heck*, 512 U.S. at 486-87. Absent such a showing, an inmate may only seek relief in the federal courts through a petition for habeas corpus. *See Jenkins v. Haubert,* 179 F.3d 19, 23 (2d Cir.1999). The *Heck* Court directed that "when a state prisoner seeks damages in a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff **would necessarily imply the invalidity of his conviction or sentence**; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* (emphasis added).

Plaintiff's claim for money damages against the defendant would implicate the validity of plaintiff's conviction. The information submitted by plaintiff with his complaint does not clearly establish the invalidity of his conviction. Since plaintiff has not demonstrated that his conviction or sentence has in any way been invalidated, his claim for monetary damage is barred by *Heck v.*

*Humphrey*.[1]

      **C.**    **Conclusion**

Plaintiff's complaint fails to state a claim upon which relief may be granted, therefore this action is dismissed. *See* 28 U.S.C. § 1915(e).

**III.**    **Motion for injunctive relief**

Because plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted, plaintiff's motion for injunctive relief is denied as moot.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted, and it is further

ORDERED, that plaintiff's *in forma pauperis* application is denied as moot, and it is further

ORDERED, that plaintiff's motion for injunctive relief is denied as moot, and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff.

Dated: December 19, 2007

*[signature]*
Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] *See Amaker v. Weiner*, 179 F.3d 48 (2d Cir.1999) (dismissal under *Heck* is without prejudice; if plaintiff's conviction is later declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, the suit may be reinstated).