UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

THURMAN BROWN,

                             Plaintiff,

        v.                                            9:07-CV-1261
                                                                (TJM)(RFT)

SUSAN A. CONNELL,

                             Defendant.

APPEARANCES:

THURMAN BROWN
98-A-2656
Oneida Correctional Facility
P.O. Box 4580
Rome, New York 13442
Plaintiff, *pro se*

THOMAS J. MCAVOY, United States District Judge

**DECISION and ORDER**

      Plaintiff Thurman Brown filed a civil rights complaint in which he alleged that he was being illegally detained at Oneida Correctional Facility, since criminal charges lodged against him were terminated in his favor. Dkt. No. 1. Plaintiff sought immediate release from incarceration and monetary damages "for all the loss [*sic*] years that plaintiff spent under false imprisonment." *Id*. at 6. By Order of this Court filed December 19, 2007, plaintiff's complaint was dismissed for failure to state a claim. Dkt. No. 5 ("December Order"). With respect to plaintiff's claim that he was entitled to immediate release from incarceration, the December Order advised plaintiff as follows:

> To the extent that plaintiff seeks to alter the fact or duration of his custody, he is advised that such relief may only be obtained by way of a habeas corpus petition brought pursuant to 28 U.S.C. § 2254. *See id.; Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("[c]ongress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity" of their underlying criminal conviction); *see also Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) ("habeas corpus -- not a § 1983

      action -- provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment ....") (citing *Preiser*).

Dkt. No. 5 at 2-3. To the extent that plaintiff sought monetary damages for his alleged illegal confinement, the December Order stated that

      such allegations are not cognizable under Section 1983. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 action seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Heck*, 512 U.S. at 486-87. Absent such a showing, an inmate may only seek relief in the federal courts through a petition for habeas corpus. *See Jenkins v. Haubert,* 179 F.3d 19, 23 (2d Cir.1999).

Dkt. No. 5 at 3.

      After his action was dismissed, plaintiff filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Dkt. No. 7. By Order filed February 6, 2008, this Court found that plaintiff had not established any of the factors set forth in Rule 60(b) relative to his motion seeking relief from judgment. Dkt. No. 8. Accordingly, his request to re-open this action was denied. *Id*.

      Presently before the Court is plaintiff's motion for reconsideration of this Court's February 6, 2008 Order.[1] Dkt. No. 9. Plaintiff contends that this Court should reconsider its previous decision because (1) a decision issued by United States District Judge Allyne R. Ross in the Eastern District of New York found in a related case that certain of plaintiff's New York State indictments were dismissed and (2) the Court failed to give full faith and credit to New York Law, namely Criminal Procedure Law

---

[1] Plaintiff filed his motion pursuant to Fed. R. Civ. P. 59(a) which is inapplicable. Fed. R. Civ. P. 59(a) relates to a motion for a new trial. Since *pro se* pleadings are to be liberally construed, *Haines v. Kerner*, 404 U.S. 519 (1972), the Court will address plaintiff's motion as one requesting reconsideration of this Court's February 6, 2008 Order. Plaintiff has also filed a Notice of Appeal to the Second Circuit Court of Appeals. Dkt. No. 10.

2

(CPL) § 160.60. Dkt. No. 9.

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864, 104 S. Ct. 195, 78 L. Ed. 2d 171 (1983)).

The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used "for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'...." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted).

To the extent that Judge Ross's December 3, 2007 Order (*see* Dkt. No. 9 at 16-19) is being presented as "new evidence not previously available," the Order does not present a basis for reconsideration. Judge Ross concluded, as did this Court, that plaintiff's present convictions did not arise from the indictments that were dismissed, but arose from other separate and distinct indictments that were not dismissed. *See id.* Judge Ross therefore concluded that "the factual basis of plaintiff's motion [for reconsideration] is wholly irrelevant to the judgment he asks to be reconsidered." *Id.* at 18. Judge Ross denied plaintiff's request that she reconsider her Order dismissing plaintiff's action filed in the Eastern District of New York. *Id.*

Plaintiff does not suggest that there has been an intervening change in the controlling law. To the extent that plaintiff seeks to argue that reconsideration is necessary to remedy a clear error or law or

3

to prevent manifest injustice because this Court failed to give full faith and credit to New York CPL§ 160.50,[2] plaintiff does not state a basis for reconsideration.  The Court has already concluded that the indictments which were dismissed do not form the basis of plaintiff's present convictions. *See* February 6, 2008 Order.  Therefore, plaintiff's argument that the Court failed to give full faith and credit to CPL § 160.60 lacks merit.[3]  Based upon the Court's review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice on plaintiff.

> Accordingly, the Court denies plaintiff's motion for reconsideration.

> WHEREFORE, it is hereby

> ORDERED, that plaintiff's motion for reconsideration (Dkt. No. 9) is **DENIED**, and it is further

> ORDERED, that the Clerk serve a copy of this Order on plaintiff in accordance with the Local Rules.

Dated: March 13, 2008

Thomas J. McAvoy
Senior, U.S. District Judge

---

[2] CPL § 160.50 relates to an Order of state court issued upon termination of a criminal action in favor of the accused.

[3] Plaintiff was convicted of burglary in the second degree, robbery in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the third degree, criminal possession of stolen property in the fifth degree, and grand larceny in the third degree in 1997; the Appellate Division, Second Department affirmed the convictions on February 22, 1999. *People v. Brown,* 258 A.D.2d 661 (2d Dept. 1999). After plaintiff's application for leave to appeal to the New York Court of Appeals was denied on April 14, 1999, *see People v. Brown*, 93 N.Y.2d 897 (1999), plaintiff filed a *pro se* Petition for Writ of Certiorari on May 28, 1999, which was denied on October 4, 1999. *Brown v. New York,* 528 U.S. 860 (1999). Plaintiff is presently incarcerated by the New York State Department of Corrections for the crimes of second degree burglary, grand larceny, third degree robbery, and third degree criminal possession of stolen property. *See* http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ1/WINQ000.